GARCÍA ET AL., APELANTES, *v.* SURO ET AL., APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 893.—Resuelto en junio 17, 1913.

MANDATO—VENTA CON PACTO DE RETRO—BIENES MUEBLES.—El mandatario con poder para vender bienes muebles no tiene facultad para venderlos con pacto de retro sin autorización expresa de su dueño.

ID.—INTERPRETACIÓN RESTRICTIVA.—La interpretación del mandato ha de ser siempre restrictiva para evitar que se convierta en daño del mandante lo que éste autorizó para su utilidad y beneficio.

ID.—COMPRADOR POR VENTA CON PACTO DE RETRO—BIENES MUEBLES.—El que adquiere unas alhajas por venta con pacto de retro hecha por un mandatario sin autorización expresa para ello, únicamente puede adquirir el dominio sobre las mismas mediante posesión no interrumpida de tres años, si adquirió de buena fe, y de seis años si lo hizo con mala fe.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Martín Travieso, Jr.*

Abogado del apelado José Antonio Rocco: *Sr. Herminio Díaz Navarro.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

Tratan en el presente caso los consortes Adolfo García y Rosario Suárez, demandantes, de recobrar la posesión de siete sortijas de su propiedad que uno de los demandados, Gabriel Suro, vendió al otro demandado, Antonio Rocco, o

que en el caso de ser imposible la devolución de dichas prendas sea condenado Rocco a pagar a los demandantes el justo valor de las mismas, condenándose además a ambos demandados a reintegrar a los demandantes la suma de $300 por daños y perjuicios con más las costas y honorarios de abogado. Seguido el juicio por sus trámites legales ante la Corte de Distrito de San Juan, Sección 1ª., recayó sentencia en 23 de mayo del año próximo pasado, por la que el juez de dicha corte declaró sin lugar la demanda en cuanto a Antonio Rocco y con lugar en cuanto al demandado Gabriel Suro, el que fué condenado a pagar a los demandantes la suma de $420 importe de las prendas y las costas, contra cuya sentencia interpuso recurso de apelación para ante esta Corte Suprema la representación de los demandantes.

Funda el juez su resolución en que según las pruebas practicadas en el juicio, allá por el mes de abril de 1911 o con anterioridad a esa fecha, los demandantes entregaron al demandado Gabriel Suro nueve sortijas de brillantes de su propiedad para que las vendiera, debiendo entregarles su importe inmediatamente después de la venta, y habiendo vendido Suro siete de ellas. al otro demandado Antonio Rocco por precio de $200, reservándose el derecho de recuperar las prendas dentro de los ocho días siguientes, mediante reembolso al comprador, de la suma expresada, como el vendedor no hizo uso del derecho de retracto dentro del término convenido, adquirió Rocco el dominio absoluto de las sortijas, por más que Suro no entregara a los demandantes el precio recibido.

Aceptamos como buena la apreciación que de las pruebas ha hecho la corte sentenciadora, pero no podemos llegar a la conclusión de derecho en que basa su sentencia.

Aunque Suro estuviera autorizado para vender las sortijas, no lo estaba para venderlas con pacto de retro y al hacerlo así sin el consentimiento de su dueño, privó a éste ilegalmente de ellas, asistiendo por tanto a los demandantes el derecho de reivindicarlas de su actual poseedor con arre-

glo al artículo 466 del Código Civil, según el cual, la posesión de los bienes muebles adquiridos de buena fe equivale al título, no obstante lo cual, el que hubiese perdido una cosa mueble o hubiese sido privado de ella ilegalmente podrá reivindicarla de quien la posea.

Suro estaba ciertamente autorizado por los demandantes para celebrar con las sortijas un contrato de compraventa, puro y simple, pero no para celebrar un contrato de compraventa con pacto de retro, que es de naturaleza singular, por la condición resolutoria que envuelve, para la cual se necesita facultad especial de que carecía Suro. En apoyo de nuestra afirmación podemos invocar como doctrina respetable, la resolución de la Dirección General de los Registros de España, de 27 de enero de 1900.

En el contrato de compraventa de una cosa con pacto de retro, ordinariamente el precio estipulado es inferior al que se hubiera convenido en la compraventa pura y simple de la misma cosa, pues el comprador para aceptar el precio ha de tener indudablemente en cuenta el perjuicio que ha de sufrir si el vendedor ejercita el derecho de retracto. El contrato de compraventa de Suro con Rocco no estipulaba indemnización alguna para el caso de que el comprador Rocco adquiriera el dominio absoluto de las sortijas. No hay indicación alguna de que ese contrato fuera más ventajoso a los demandantes que la simple venta que éstos se proponían hacer por medio del demandado Suro, para que así pudiera ser de aplicación el artículo 1617 del Código Civil.

Ni cabe sostener que el que está facultado simplemente para vender, lo está también para vender con pacto de retro, pues aparte de que sería completamente pueril, como dice el ilustrado Comentarista Sr. Manresa, negar que en la práctica las ventas con pacto de retro son verdaderos préstamos, la interpretación del mandato ha de ser siempre restrictiva para evitar que se convierta en daño del mandante lo que éste autorizó para su utilidad y beneficio, según hemos dicho

al resolver el Recurso Gubernativo de *Fano* v. *El Registrador de la Propiedad de San Juan,* 15 D. P. R., 336.

Los demandantes fueron privados ilegalmente de las sortijas de que se trata en el momento mismo en que Suro las vendió con pacto de retro a Rocco, sin estar autorizado por el dueño de ellas y por más que Rocco, habiéndolas adquirido de buena fe tuviera mediante su posesión título sobre las mismas con arreglo al artículo 466 del Código Civil que dejamos citado, ese título constituiría únicamente evidencia *prima facie* de la propiedad de las sortijas, sin privar al dueño del derecho de reivindicarlas mediante prueba de que había sido privado de ellas ilegalmente, prueba que ha sido aportada al juicio, por el hecho de haber sido vendidas con pacto de retro, sin que los demandantes hubieran autorizado ese pacto.

Dicho título no priva a los demandantes de su propiedad y solamente da al adquirente Rocco el derecho a prescribir o sea a adquirir el dominio sobre las sortijas por la posesión no interrumpida de tres años, cuyo término sería de 6 años si las hubiera adquirido con mala fe, a tenor de lo que previene el artículo 1856 del Código Civil.

Nos referimos a la opinión que sirvió de fundamento a nuestra decisión en el caso de *García et al* v. *Savino et al.* (pág. 279).

Aunque a los demandantes asista derecho que no podemos menos de reconocerles, para reivindicar sus prendas, ese derecho no envuelve por parte de los mismos, la obligación de devolver al demandado Rocco la cantidad que por ellas pagó a Suro, pues la adquisición no tuvo lugar en venta pública, requisito indispensable para que procediera el reembolso del precio, según el artículo 466 del Código Civil que dejamos citado. Ese reintegro podrá obtenerlo Rocco de Suro mediante el ejercicio de la acción correspondiente, sin que en el presente juicio pueda exigirse tal responsabilidad a Suro.

Por las razones expuestas procede la revocación de la sentencia apelada y que en su lugar se dicte otra condenando

al demandado Antonio Rocco a la devolución de las sortijas que se le reclaman, reservando al mismo Rocco el derecho que le asista contra Suro para obtener el reintegro de la suma de $200 que pagó por dichas prendas, sin que en el presente juicio pueda exigirse a Suro responsabilidad alguna.

> *Revocada y dictada sentencia a favor de los demandantes.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.